## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CNH INDUSTRIAL CAPITAL AMERICA, LLC**                    **PLAINTIFF**

**V.**                                CIVIL ACTION NO.: 3:22-cv-564-DPJ-FKB

**KIPCO, LLC**                                              **DEFENDANT**

### COMPLAINT

NOW COMES CNH Industrial Capital America, LLC ("CNH") files this Complaint against Defendant, Kipco, LLC ("Borrower") as follows:

### PARTIES

1. CNH is a single member Limited Liability Company organized under the laws of the State of Delaware duly licensed to do business in the State of Mississippi. The principal place of business of CNH is 6900 Veterans Blvd., Burr Ridge, Illinois. The single member of CNH is CNH Industrial Capital, LLC, a single member Limited Liability Company organized under the laws of the State of Delaware. The principal place of business of CNH Industrial Capital, LLC is in the State of Illinois. The single member of CNH Industrial Capital, LLC is CNH Industrial America, LLC, a single member Limited Liability Company organized under the laws of the State of Delaware. The principal place of business of CNH Industrial America, LLC is in the State of Illinois. The single member of CNH Industrial America, LLC is Case New Holland Industrial, Inc., a business corporation organized under the laws of the State of Delaware. The principal place of business of Case New Holland Industrial, Inc. is in the State of Illinois. Case New Holland Industrial, Inc. is wholly owned by CNH Industrial N. V., a business entity registered in the Netherlands and having its principal place of business in London, United Kingdom.

2. Kipco, LLC is a limited liability company organized under the laws of the State of Mississippi with its principal place of business being located in Rankin County, Mississippi. The sole member of Kipco, LLC is Kip Allen who resides at 125 Amanda Dr., Pearl, Mississippi 39208. Kipco, LLC may be served with process by serving a Summons and a copy of this Complaint upon its registered agent, Kip Allen, at 125 Amanda Dr., Pearl, Mississippi 39208.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1332 inasmuch as (i) there exists complete diversity of citizenship between the Plaintiff and all of the Defendants and (ii) the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 inasmuch as the personal property that is the subject of this Civil Action is situated in this judicial district and the events surrounding this Complaint occurred in this judicial district.

## FACTS

**Loan No. 74502**

4. On March 25, 2019, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 1") in favor of CNH in the original principal amount of $187,729.00, bearing interest at a rate of 6.49% per annum, with a maturity date of March 25, 2024. Contract 1 is secured by a purchase money security interest in one Case Excavator, Model No. CX145 (S/N DAC145K7NJS7E1306), one Case Excavator, Model No. CX160C (S/N NCSAF1103) and one Case Construction Attachment, Model No. Hydraulic TH (S/N 491051) (collectively the "Contract 1 Collateral"). A true and correct copy of Contract 1 is attached hereto as Exhibit "A."

5. CNH perfected its purchase money security interest in the Contract 1 Collateral by UCC-1 Financing Statement, Filing Number 20192877015A filed with the Secretary of State on

April 1, 2019. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "B."

6. On April 20, 2020, Borrower and CNH entered into a Payment Schedule Change Agreement ("PSC 1") whereby the payment amounts and maturity date of Contract 1 were modified. A true and correct copy of PSC 1 is attached hereto as Exhibit "C."

7. Borrower is in default under the terms of Contract 1. As of August 24, 2022, Borrower is indebted to CNH under Contract 1 in the principal amount of $95,384.66, interest accrued through August 24, 2022 in the amount of $4,545.33, interest accruing after August 25, 2022 at the contract rate of 6.49% per annum and fees in the amount of $557.00.

**Loan No. 83539**

8. On April 19, 2019, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 2") in favor of CNH in the original principal amount of $56,091.00, bearing interest at the rate of 6.45% per annum, with a maturity date of April 19, 2024. Contract 2 is secured by a purchase money security interest in one Case Compact Track Loader, Model No. TR310 (S/N JAFTR310LJM451173) and one Case Skid Steer Attachment, Model No. Grapple Buck (collectively the "Contract 2 Collateral"). A true and correct copy of Contract 2 is attached hereto as Exhibit "D."

9. CNH perfected its purchase money security interest in the Contract 2 Collateral by UCC-1 Financing Statement, Filing Number 20192902102A filed with the Secretary of State on April 29, 2019. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "E."

10. On April 20, 2020, Borrower and CNH entered into a Payment Schedule Change Agreement ("PSC 2") whereby the payment amounts and maturity date of Contract 2 were modified.

A true and correct copy of PSC 2 is attached hereto as Exhibit "F."

11.     Borrower is in default under the terms of Contract 2.  As of August 24, 2022, Borrower is indebted to CNH under Contract 2 in the principal amount of $29,420.02, interest accrued through August 24, 2022 in the amount of $1,393.30, interest accruing after August 24, 2022 at the contract rate of 6.45% per annum and fees in the amount of $250.00.

**Loan No. 83557**

12.     On October 18, 2019, Borrower executed a Retail Installment Sale Contract and Security Agreement ("Contract 3") in favor of CNH in the original principal amount of $41,317.00, bearing interest at the rate of 6.49% per annum, with a maturity date of October 18, 2024.  Contract 3 is secured by a purchase money security interest in one Case Midi Excavator, Model No. CX55B (S/N NFTN55674) (the "Contract 3 Collateral"). A true and correct copy of Contract 3 is attached hereto as Exhibit "G."

13.     CNH perfected its purchase money security interest in the Contract 3 Collateral by UCC-1 Financing Statement, Filing Number 20193073335A filed with the Secretary of State on October 25, 2019. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "H."

14.     On April 20, 2020, Borrower and CNH entered into a Payment Schedule Change Agreement ("PSC 3") whereby the payment amounts and maturity date of Contract 3 were modified. A true and correct copy of PSC 2 is attached hereto as Exhibit "I."

15.     Borrower is in default under the terms of Contract 3.  As of August 24, 2022, Borrower is indebted to CNH under Contract 3 in the principal amount of $25,770.98, interest accrued through August 24, 2022 in the amount of $1,228.05, interest accruing after August 24, 2022

at the contract rate of 6.49% per annum and fees in the amount of $250.00.

16. Pursuant to the terms and conditions of Contract 1, Contract 2 and Contract 3 (collectively the "Contracts") Borrower is liable for reasonable costs and attorneys fees incurred by CNH in connection with collection of sums due under the Contracts.

17. The Contracts are cross-collateralized. The Contracts both contain language that states:

> [Borrower] hereby grants to Seller and its successor and assigns (including [CNH] a first priority purchase money security interest in the Equipment, and in all improvements, parts and accessories belonging to the Equipment, and all substitutions, replacements, products, proceeds (including any insurance proceeds) thereof and premium refunds, refunds of any other charges hereunder and all accessions related to the Equipment . . . to secure payment and performance of all existing and future obligations of [Borrower] under this Agreement or any other agreement between [Borrower] and Seller, between [Borrower] and [CNH] or any affiliate of [CNH], or where [Borrower], under another agreement in favor of Seller or [CNH], is a guarantor or obligor (the "Obligations").

18. Plaintiff expressly reserves all other rights and remedies available to it pursuant to the Contracts and related loan documents. This Complaint shall not constitute an election of remedies.

## COUNT I: REPLEVIN

19. CNH incorporates the allegations contained in paragraphs 1 through 18 into Count I of this Complaint.

20. Borrower wrongfully withholds possession of the Contract 1 Collateral, Contract 2 Collateral and Contract 3 Collateral (collectively the "Collateral").

21. The value of such collateral is as follows:

    a. Case Excavator, Model No.: CX145 (S/N DAC145K7NJS7E1306):

    $159,900.00

  b. Case Excavator, Model No.: CX160C (S/N NCSAF1103): $65,370.00

  c. Case Construction Attachment, Model No.: HYRDAULIC TH (S/N 491051): $1,229.00

  d. Case Compact Track Loader, Model No.: TR310 (S/N JAFTR310LJM451173: $37,750.00

  e. Case Skid Steer Attachment, Model No.: Grapple Buck: $1,024.00

  f. Case Midi Excavator, Model No.: CX55B (S/N NFTN55674): $30,545.00

22. CNH is entitled to immediate possession of the Collateral.

WHEREFORE, PREMISES CONSIDERED, CNH Industrial Capital America, LLC prays for the following relief:

A. That pursuant to Miss. Code Ann. § 11-37-131, this Court issue a Fiat directing the Clerk of this Court, or a Deputy Clerk, to issue a Summons to Defendant, Kipco, LLC, to appear before this Court upon at least five (5) days notice to appear for a final hearing to determine the rights of the parties as to possession of the Collateral and for entry of a final judgment accordingly;

B. That this Court enters judgment in favor of CNH Industrial Capital America, LLC adjudicating that it is entitled to immediate possession of the Collateral and requiring Defendant, Kipco, LLC, to assemble and deliver same to the United States Marshall Service for the Southern District of Mississippi failing which, the Defendant shall be subject to the contempt powers of this Court;

C. That if the Collateral is found outside the Jurisdiction of the United States District Court for the Southern District of Mississippi, Defendant, Kipco, LLC shall transport the Collateral

within the jurisdiction of the United States District Court for the Southern District of Mississippi and deliver said Collateral to CNH to the United States Marshall Service for the Southern District of Mississippi failing which, Defendant shall be subject to the contempt powers of this Court pursuant to Miss. Code Ann. § 11-37-137;

D.   That if Defendant, Kipco, LLC is in possession of the Collateral at the time of service of this Complaint and it shall conceal or dispose of the Collateral, Defendant shall be subject to the contempt powers of this Court pursuant to Miss. Code Ann. § 11-37-137;

E.   If the Collateral is not found, that Kipco, LLC shall disclose the location of the Collateral to CNH Industrial Capital America, LLC and to the United States Marshall Service for the Southern District of Mississippi failing which, the Defendant shall be subject to the contempt powers of this Court;

F.   CNH Industrial Capital America, LLC further prays for any other relief that may be just, given the premises.

Respectively Submitted,

**CNH INDUSTRIAL CAPITAL AMERICA, LLC**

By:_____
W. Jarrett Little, Its Attorney

OF COUNSEL:

W. Jarrett Little (MSB# 104812)
LENTZ & LITTLE, P.A.
2505 14th St., Ste. 500
Gulfport, MS 39501
(228) 867-6050
bill@lentzlittle.com
jarrett@lentzlittle.com

## ACKNOWLEDGMENT

STATE OF MISSISSIPPI
COUNTY OF HARRISON

I, W. Jarrett Little, do hereby certify that I am the attorney representing CNH Industrial Capital America, LLC in this matter and that all of the foregoing is true and correct to the best of knowledge and belief.

This the 27th day of September, 2022.

_____
W. Jarrett Little

SWORN AND SUBSCRIBED before me, this the 27 day of September, 2022.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 62946, KIMBERLY R. LENTZ, Commission Expires May 17, 2025, HARRISON COUNTY]